O / JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02634 ODW (CWx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | *The Irrevocable Trust of Anthony J. Antonious v. Merchants of Golf, Inc.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):**   Order Granting Merchants of Golf, Inc.'s Motion to Set Aside Default Judgment and Permanent Injunction and for Leave to File an Answer [28]

Currently before the Court is Defendant, Merchants of Golf, Inc.'s ("MGI"), Motion to Set Aside Default Judgment and Permanent Injunction and for Leave to File an Answer. (Dkt. No. 28.) Having considered the arguments made in support and against the instant Motion, the Court deems this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78 ("Rule __"); L.R. 7-15. For the following reasons, the Court **GRANTS** MGI's Motion.

Plaintiff, the Irrevocable Trust of Anthony J. Antonious (the "Antonious Trust"), instituted this action on April 12, 2010. (Dkt. No. 1.) On May 16, 2010, Antonious Trust filed an application to enter default against MGI. (Dkt. No. 9.) The clerk entered default on May 17, 2010. (Dkt. No. 10.) Thereafter, Antonious Trust moved for default judgment against MGI. (Dkt. No. 13.) The Court granted the Motion for Default Judgment on July 23, 2010, and a judgment with a permanent injunction were entered subsequently. (Dkt. Nos. 16, 17.)

I.    <u>**LEGAL STANDARD**</u>

For good cause shown, the district court may set aside a default judgment. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). Rule 60(b)(1), the subsection pertinent here, grants district courts discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise or excusable neglect," provided that the party moves for such relief not more than one year after the judgment was entered.

In applying the general terms of Rule 60(b) to default judgments, the Ninth Circuit "has emphasized that such judgments are 'appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).

O / JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02634 ODW (CWx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | *The Irrevocable Trust of Anthony J. Antonious v. Merchants of Golf, Inc.* | | |

Thus, the finality interest in a judgment "should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *Id*. Three factors govern the vacating of a default judgment under Rule 60(b): "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *Id*. The party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment. *Id*.

**II.    DISCUSSION**

    A.    Culpable Conduct

A party's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer the complaint. *Alan Newman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). If the defendant who has neglectfully failed to answer can offer a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," the failure to answer is "not necessarily . . . culpable or inexcusable." *TCI Group Life*, 244 F.3d at 697-98.

In this case, Antonious Trust's attorney, Mr. Sepehr Daghighian's ("Daghighian"), sent MGI a letter on February 12, 2010 (the "February 12, 2010 Letter"). (Mot. 2; Opp'n, Exh. A.) The February 12, 2010 Letter detailed the possibility of certain MGI golf clubs that "may be impacted" by Antonious Trust's patent. Subsequently, Antonious Trust filed its Complaint on April 12, 2010 and served MGI on April 22, 2010. In response to the February 12, 2010 Letter and the Complaint, Gene Koecheler ("Koecheler"), MGI's President, wrote and mailed a letter to Daghighian on May 12, 2010 ("MGI's Response") detailing the grounds to which MGI's products do not infringe Antonious Trust's patent. (Decl. of Koecheler in Supp. of Ex Parte App. to Stay Execution of J. ("Koecheler Decl.") 6, 8, Dkt. No. 25.) Mistakenly believing that the response was sufficient, MGI did not file an Answer with this Court.

Despite the fact that MGI neglectfully failed to seek counsel and file an Answer, the Court finds that MGI's failures were not culpable or inexcusable. Specifically, MGI made a good faith attempt in responding to Antonious Trust's allegations, albeit a faulty one. Antonious Trust does not point out and the Court cannot ascertain any intentions to "take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process" in this case. Hence, no culpable conduct exists.

    B.    Meritorious Defense

A second factor governing the lifting of default judgments is "whether the defendant has a meritorious defense." *TCI Life Group*, 244 F.3d at 696. The defendant need not show that it will

O / JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02634 ODW (CWx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | *The Irrevocable Trust of Anthony J. Antonious v. Merchants of Golf, Inc.* | | |

prevail, only that there is a bona fide chance that such a result will occur if its factual allegations are true. *Sec. & Exch. Comm'n v. McNulty*, 137 F.3d 732, 740 (2d. Cir. 1998). Here, MGI's response included particular objections with a photo reasoning that MGI's golf club heads were not "in conflict with the patent." (Mot. 2; Koecheler Decl. 6, 8.) Although the objections and photo in MGI's Response do not necessarily demonstrate that MGI will prevail, they are sufficient to demonstrate a chance that MGI may successfully defend against Antonious Trust's allegations. Hence, a bona fide chance to successfully defend exists.

C. Prejudice to Plaintiff

The final factor to consider is prejudice. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. [T]he standard is whether [plaintiff's] ability to pursue the claim will be hindered." *TCI Life Group*, 244 F.3d at 701. Here, Antonious Trust does not raise issues arguing that its ability to pursue the case will be hindered. Rather, Antonious Trust requests the Court to sanction MGI for attorneys' fees and costs incurred in obtaining the default judgment and writ of execution. Antonious Trust, however, neglects to consider that it was, in fact, aware of MGI's intentions to defend when MGI's Response was mailed out on May 12, 2010. Antonious Trust chose to ignore MGI's contentions in the Response and possibly coming to a resolution to the instant dispute. Instead, Antonious Trust opted to file an application for an entry of default against MGI at that time. While MGI was undoubtedly neglectful in failing to file an Answer, the Court finds that Antonious Trust's apparent gamesmanship contributed to the present status of this case. Accordingly, setting aside the default judgment will merely result in delaying the resolution of the case. Harm, if any, from the delay is self-inflicted. As a result, no prejudice will occur if the default is set aside.

**IV. CONCLUSION**

In light of the foregoing, the Court **GRANTS** MGI's Motion to Set Aside Default Judgment and Permanent Injunction and for Leave to File an Answer. (Dkt. No. 28.) MGI shall respond to Antonious Trust's Complaint within fourteen days from the date of this order. Failure to do so in a timely matter will result in reinstatement of the Court's Order of Default Judgment, Judgment, and Permanent Injunction. MGI shall promptly respond to all future correspondence and comply with all procedural deadlines.

IT IS SO ORDERED.

: 00

Initials of Preparer   RGN